**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY DODSON, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:14-CV-01931-RWS |
| : | |
| PIZZA HUT, PIZZA HUT MANAGER, and INTERNATIONAL PIZZA HUT FRANCHISE HOLDERS ASSOCIATION, : | |
| : | |
| Defendants. : | |

## **ORDER**

On July 17, 2014, Magistrate Judge Walter E. Johnson granted Plaintiff Michael Anthony Dodson leave to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination. After reviewing the Complaint, the Court enters the following Order.

### **Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

2

Plaintiff's Complaint [5] is titled "*Pro Se* Employment Discrimination Form," but the remainder of the Complaint [5] fails to allege any facts showing that Plaintiff was the target of discrimination. Instead, Plaintiff states that his cause of action arises from payroll deductions that were invested in a 401(k) retirement plan. (Dkt. [5] at 6.) Plaintiff was formerly employed at a Pizza Hut located in the Georgia Dome stadium. Plaintiff states that in 1995-1996, his manager announced that Pizza Hut was establishing a 401(k) plan for employees. (Id. at 7.) Plaintiff opened a 401(k) retirement plan, and he further alleges that his 401(k) is invested in the Georgia Dome's management company. (Id.) That is the extent of Plaintiff's factual allegations.

Although it is unclear what Plaintiff's cause of action is, it appears that his claim is related to employee benefits under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* Specifically, the Court construes Plaintiff's claim as a breach of fiduciary duty claim against the fiduciaries of Plaintiff's 401(k) plan because Plaintiff appears to allege that the Georgia Dome Pizza Hut improperly invested 401(k) assets in the Georgia Dome's management company. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (stating that ERISA "establish[es] standards of conduct,

responsibility, and obligation for fiduciaries of employee benefit plans" (citing 29 U.S.C. § 1001(b))); see generally Stargel v. SunTrust Banks, Inc., 968 F. Supp. 2d 1215 (N.D. Ga. 2013) (analyzing breach of fiduciary duty claim where bank invested employee retirement funds in bank-affiliated proprietary mutual funds).

> ERISA's statute of limitations, however, bars actions brought either
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Because the only date Plaintiff references is 1995-1996, the Court is unable to determine whether Plaintiff's claim is barred by the applicable statute of limitations.  Plaintiff's Complaint lacks any factual allegations related to when Defendants invested in the Georgia Dome, when the last action constituting a part of the breach of fiduciary duty occurred, or the earliest date

4

on which Plaintiff had actual knowledge of the alleged breach.  See <u>Fuller v. SunTrust Banks, Inc.</u>, 744 F.3d 685, 694-702 (11th Cir. 2014) (analyzing case law interpreting ERISA's statute of limitations).  Given the current state of the pleadings in this case, it is impossible for the Court to conduct a frivolity review at this time.

As such, Plaintiff is **ORDERED** to file an Amended Complaint that incorporates all the causes of action that Plaintiff wishes to pursue at this time along with additional factual allegations to support these claims within thirty (30) days of the date of this order.  The Court will then review the Amended Complaint for frivolity at that time.  Failure to file an Amended Complaint within thirty (30) days will result in dismissal of this action pursuant to Local Rule 16.5 for failure to obey a court order.

**SO ORDERED**, this  11th  day of August, 2014.


_____
**RICHARD W. STORY**
United States District Judge